```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

KRISTINA LOUGHLIN,              )
     Plaintiff                  )
                                )
          v.                    )    C.A. No. 20-11555-MLW
                                )
VI-JON, LLC,                    )
     Defendant.                 )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 30, 2022

I.   INTRODUCTION

In this putative class action, plaintiff Kristin Loughlin alleges that defendant Vi-Jon, LLC, which manufacturers hand sanitizer products, engaged in unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A, §2. Specifically, she alleges that Vi-Jon's products advertising that each product "kills 99.99% of germs" are false and misleading because the products are ineffective against more than 0.01% of germs that can be found on hands. This language, which appears on the front of each bottle of hand sanitizer, is followed by an asterisk directing consumers to smaller text on the back of the bottle explaining that the sanitizer is "effective at eliminating more than 99.99% of many common harmful germs & bacteria in as little as 15 seconds."

In January 2021, Vi-Jon filed a motion to dismiss Loughlin's First Amended Complaint (the "FAC"), alleging, in relevant part,

that Loughlin lacked Article III standing and failed to state a claim. After the motion to dismiss was fully briefed, the court held a hearing on September 22, 2021. The court denied Vi-Jon's motion to dismiss with respect to Loughlin's claim of unfair and deceptive conduct and allowed the motion with respect to her claim for unjust enrichment.

The court also ordered Loughlin to file a Second Amended Complaint tailored to the court's finding that no reasonable person would think some diseases, like polio and sexually transmitted diseases, are caused by germs found on the hand. Loughlin subsequently filed the Second Amended Complaint (Dkt. No. 55) (the "SAC"). Although not contemplated by the court, Vi-Jon then filed a Motion to Dismiss Loughlin's SAC (Dkt. No. 58) (the "Motion").

As described below, the Motion essentially reiterates arguments that the court rejected at the September 22, 2021 hearing. In addition, the SAC sufficiently addresses the issues raised by the court. Accordingly, the Motion is being denied.

II. BACKGROUND

   a. The First Motion to Dismiss

On November 5, 2020, Loughlin filed the FAC, alleging claims for unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A, §2 and unjust enrichment. See Dkt. No. 6. On

2

January 18, 2021,[1] Vi-Jon filed a motion to dismiss the FAC. See Dkt. No. 20. Vi-Jon argued that Loughlin lacked Article III standing because she had not sufficiently alleged an injury in fact. See Mem. Supp. Mot. Dismiss FAC (Dkt. No. 21) at 5-8. Vi-Jon also argued that the FAC failed to state a claim, that Loughlin's claims were barred by preemption and primary jurisdiction, and that she was not entitled to equitable relief for her unjust enrichment claim because she had an adequate remedy at law. Id. at 8-20. Loughlin filed an opposition, see Dkt. No. 33, Vi-Jon filed a reply, see Dkt. No. 36, and both parties filed supplemental authority, see Dkt. Nos. 44, 45.

The court held a hearing on the motion to dismiss on September 22, 2021. See Dkt. No. 48. At the hearing, the court denied Vi-Jon's motion to dismiss with respect to Loughlin's claim of unfair and deceptive conduct and allowed the motion with respect to Loughlin's claim for unjust enrichment. See Sept. 23, 2021 Order (Dkt. No. 49).

During the hearing, the court found that "the plaintiff has alleged a plausible claim of standing and a plausible claim for a violation of Massachusetts General Law Chapter 93A." Sept. 22, 2021 Hr'g Tr. (Dkt. No. 52) ("Tr.") at 51. In finding that Loughlin

---

[1] The court granted Vi-Jon's motion for an extension of time to respond to the FAC. See Dkt. No. 12.

had Article III standing, the court explicitly stated that she sufficiently alleged that she suffered an injury in fact, which can be "satisfied by an allegation that a plaintiff has overpaid for a product due to the defendant's wrongful action." Id. at 53-54 (citing Gustavsen v. Alcon Lab'ys, Inc., 903 F.3d 1, 8 (1st Cir. 2018)). Loughlin's allegation that she "would not have purchased . . . the hand sanitizer at issue, or would have purchased it on more favorable terms if she had known the truth of the allegedly false representation on the label" stated a plausible claim of injury in fact. Id. at 54.

Vi-Jon's argument that Loughlin had not sufficiently alleged injury in fact was supported by cases such as In re Fruit Juice Products Marketing, 831 F. Supp. 2d 507 (D. Mass. 2011). In addressing the argument the court stated, "[T]o the extent that this decision is inconsistent with my respected colleagues' decisions in . . . Fruit Juice Products or with other decisions that I see have gone both ways in hand sanitizer cases relatively recently, I have given you my reasoning, and the case will go on." Tr. at 61.

Similarly, Vi-Jon filed a notice of supplemental authority, Moreno v. Vi-Jon, 2021 WL 807683 (S.D. Cal. Mar. 3, 2021), where a district judge the Southern District of California granted a motion to dismiss filed by Vi-Jon, with leave to amend the

4

complaint, in an analogous case. See Dkt. No. 39. There, the court found that the plaintiff (a) lacked standing because he had not sufficiently alleged injury in fact and (b) failed to state a claim. Id. This court considered that decision and responded, "I believe there is standing, and if I disagree with one of my colleagues in Los Angeles or wherever, I do that respectfully." Tr. at 11-15.

Vi-Jon also argued at the hearing that "plaintiff fails because she doesn't connect the . . . germs that she's talking about in the complaint with anything that happened to her." Id. at 28. The court responded, "But she does allege . . . Plaintiff would not have purchased the [hand sanitizer], or would have purchased on more favorable terms, if she had known the truth about the representation." Id.

The court analogized this case to the First Circuit's decision in Dumont v. Reily Foods Company, 934 F.3d 35 (1st Cir. 2019). In Dumont the First Circuit found that a plaintiff had sufficiently alleged that the labeling of a coffee as "Hazelnut Crème" was a deceptive practice under §93A because the coffee did not actually contain hazelnut. 934 F.3d at 41. In Dumont the court found it plausible that a consumer who wanted hazelnut coffee with real hazelnut would not look at the ingredients on the back of the package to discover that the coffee did not have hazelnut. See id.

5

at 40-41. Vi-Jon attempted to distinguish this case from <u>Dumont</u> at the hearing. <u>See</u> Tr. at 24, 34-35. However, the court repeatedly stated that this case was analogous to <u>Dumont</u> and analyzed what a reasonable consumer would do under the framework provided by the First Circuit. <u>See, e.g.</u>, Tr. at 8, 15-16, 54-55, 57. In making its ruling on the motion to dismiss, the court stated, "I find this case is analogous in all material respects to <u>Dumont</u> . . . ." <u>Id.</u> at 59.

The court also ordered Loughlin to file a Second Amended Complaint that conforms to the reasoning explained at the September 22, 2021 hearing. Specifically, the court ordered Loughlin to narrow the complaint to align with its finding that "a reasonable consumer would read the label in question as addressing germs that might be found on hands and not other germs that are not found on hands." <u>Id.</u> at 55-56. The court explained that "no reasonable person would believe that the sanitizer would kill germs that would not be expected to be found on hands, like [ ] germs causing polio, or, as I understand it, sexually transmitted diseases." <u>Id.</u> at 51. The court continued, explaining that "it is reasonable to infer from the complaint, which addresses other forms of germs, like the norovirus, which I infer is a germ that can be on hands and transmitted by hands and cause illness." <u>Id.</u>

### b. Loughlin's Second Amended Complaint

The SAC was filed on October 10, 2021. See Dkt. No. 55. The SAC includes most of the allegations in the FAC but is different in several material aspects.

First, the SAC omits discussion of several diseases discussed in the FAC, including polio and hepatitis A.

Second, the SAC is reframed to focus on germs that can be found on hands. In particular, Loughlin added additional language throughout the SAC to clarify that she was referring to germs on hands. See, e.g., SAC ¶10 ("The germs for which the Products are ineffective comprise more than .01% of all germs that can be found on hands.") (emphasis added); id. ¶49 ("[T]he Products do not 'kill' certain germs found on hands . . . .") (emphasis added). She also included more information about the transmission of specific diseases by hand. See id. ¶55 (stating that hand sanitizer "is ineffective against the influenza A virus," which can "exist on hands for a prolonged period of time"); id. ¶59 (stating that norovirus is often transmitted by hands in food service settings); id. ¶ 69 (stating that hand foot and mouth disease "can be transmitted through touching an infected person"); id. ¶78 (stating that C. difficile can be spread by touch if hands are not washed properly).

7

Finally, the SAC includes multiple factual allegations concerning the efficacy of hand sanitizers in real world conditions that were not included in the FAC. See id. ¶¶19-22, 87-96. For example, the SAC alleges that hand sanitizers may be less effective when hands are dirty or greasy. See id. ¶¶20, 88. It also alleges that hand sanitizer may be ineffective because of the way it is used. See id. ¶¶90-91.

On October 26, 2021, Vi-Jon filed the Motion, again arguing that Loughlin lacks Article III standing because she has not alleged an injury in fact. See Mem. Supp. Mot. Dismiss SAC (Dkt. No. 59) at 1. In doing so, Vi-Jon again relies on In re Fruit Juice Products Marketing, id. at 4, 5-6, and argues that this case is "remarkably different from Dumont," id. at 3. Vi-Jon further asserts that Loughlin's claims "are purely hypothetical or conjectural." Id. It argues that Loughlin has not alleged that she used the hand sanitizer(s), that they failed to sanitize her hands, or that she was exposed to germs because of alleged inefficacy. Id. Instead, Vi-Jon argues that Loughlin received the benefit of her bargain, receiving the alcohol-based hand sanitizer that she paid for. Id. at 6.

Vi-Jon filed a notice of supplemental authority, Moreno v. Vi-Jon, 2021 WL 5771229 (S.D. Cal. Dec. 6, 2021), a decision in the Moreno case previously brought to the court's attention. See

8

Dkt. No. 66. There, the court granted a motion to dismiss the second amended complaint, this time with prejudice, because it again found that the plaintiff lacked standing and had failed to state a claim. See id.

Finally, Vi-Jon argues that Loughlin failed to address the court's concerns in amending her complaint and only "broadly" alleges that the products are "ineffective at killing germs on consumers' hands in general." Mem. Supp. Mot. Dismiss SAC at 2. In its reply, Vi-Jon argues that the SAC is insufficient because it does not allege what germs a reasonable consumer would expect to be on the hands or whether a reasonable consumer would expect hand sanitizer to be effective on dirty or greasy hands. See Reply (Dkt. No. 63) at 2. It argues that to comport with the court's findings at the September 22, 2021 hearing, Loughlin was required to "specifically state that the hand sanitizer did not kill 99.9% of the germs on her hands," which she did not do in the SAC. Id. at 3.

III. DISCUSSION

As described below, the Motion is largely duplicative of the Vi-Jon's first motion to dismiss and the arguments it made at the September 22, 2021 hearing, which the court has already rejected. Therefore, the Motion is being denied.

9

Vi-Jon's primary argument is that Loughlin lacks standing because she has not sufficiently alleged that she suffered an injury in fact. However, the court decided this issue at the September 22, 2021 hearing, finding that Loughlin had plausibly alleged a financial injury because she would not have purchased the hand sanitizer, or would have purchased it on different terms, if she had known the truth about its efficacy. Further, despite the court finding that Loughlin had plausibly alleged she did <u>not</u> receive the benefit of her bargain, <u>see</u> Tr. at 60, Vi-Jon argues that she did receive the benefit of her bargain.

In presenting these arguments, Vi-Jon relies on many of the same cases it did previously, including <u>In re Fruit Juice Products Marketing</u>. Notably, <u>In re Fruit Juice Products Marketing</u> is a District of Massachusetts decision that was decided prior to the First Circuit's decision in <u>Dumont</u>, and the court considered it during the first motion to dismiss, finding Vi-Jon's arguments unpersuasive. Further, Vi-Jon again attempts to distinguish this case from <u>Dumont</u>, despite the court's clear finding that there is no material distinction between the cases.

Vi-Jon submits a more recent decision in the <u>Moreno</u> case without explaining how the new decision is materially different from the <u>Moreno</u> decision considered at the September 22, 2021 hearing. The court notes that the second <u>Moreno</u> decision conducts

10

an analysis of the plaintiff's alleged economic injury. However, this analysis does not change this court's view that the type of economic injury alleged by Loughlin is sufficient in the First Circuit. See Gustavsen, 903 F.3d at 8.

The court also finds that Loughlin sufficiently amended her complaint to conform to the court's analysis at the September 22, 2021 hearing. The SAC omits discussion of diseases identified by the court as diseases no reasonable person would expect to find on the hands, including polio and hepatitis A, a sexually transmitted disease. Although the SAC still includes discussion of human papillomavirus ("HPV"), which is often considered a sexually transmitted disease, the SAC explains that the virus is "transmitted primarily through skin-to-skin contact, including by contact with someone who is carrying the virus on their hands or fingers or by touching something that someone else touched who carried HPV on their hands." SAC ¶65. Therefore, the information about HPV is relevant and its inclusion in the SAC is not inconsistent with the court's direction to omit discussion of germs causing sexually transmitted diseases.

As described earlier, the SAC narrows this case to germs found on hands by including qualifying language and providing additional information about the transmission of diseases by hand or touch. It also alleges that hand sanitizers have lower efficacy rates

11

based on the conditions of the hands they are applied to and the manner in which they are applied. The court finds that these changes to the SAC sufficiently address the concerns raised at the September 22, 2021 hearing.

In ordering Loughlin to file the SAC the court did not, and did not intend to, require her to make allegations about germs on her own hands in particular. In arguing to the contrary, Vi-Jon quotes the court's statement at the September 22, 2021 hearing that "plaintiff plausibly alleges that she did not receive the benefit of the bargain because she did not receive a sanitizer that would kill 99.9 percent of all germs that might be on her hands." Reply at 3 (quoting Tr. at 60) (emphasis added). It is not clear to the court how this statement could be construed as a directive to Loughlin to amend the complaint to address germs specific to her own hands. Regardless, in drawing inferences in favor of Loughlin, the court infers that Loughlin has plausibly alleged that she bought the hand sanitizer with the expectation that it would kill 99.99% of germs on her hands.

While the court expected Vi-Jon would answer the SAC, defendant filed a motion to dismiss that is, in essence, a motion to reconsider the court's earlier ruling. The implicit request to reconsider is not meritorious. In largely repeating previously rejected arguments, defendant has not identified any intervening

12

change in the applicable law or persuaded the court that it made a manifest error of law. See Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011); United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Therefore, except as amplified in this Memorandum, the court is not altering its analysis or order at the September 22, 2021 hearing.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendant Vi-Jon, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 58) is DENIED.

2. Vi-Jon shall, by November 1, 2022, file an answer to the Second Amended Complaint. See Fed. R. Civ. P. 12(a)(4).

3. This case is REFERRED to the Magistrate Judge for pretrial purposes.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE